**BENNY HUBBARD, #141527,**

  **Petitioner,**

            **Civil No: 07-CV-12635**
            **Honorable George Caram Steeh**
            **Magistrate Judge Steven D. Pepe**

**v.**

**PATRICIA CARUSO,**

  **Respondent.**

---

**OPINION & ORDER GRANTING PETITIONER'S MOTION TO
EXPAND THE RECORD, DENYING PETITIONER'S MOTION TO AMEND HABEAS
PETITION & DENYING PETITIONER'S MOTION TO OBTAIN DEPOSITIONS**

**I. Introduction**

   Pending before the Court are the following motions: Petitioner's "Motion to Am[]end, Expand Case [#07-12635]" and Petitioner's "Motion to Obtain Depositions." This habeas matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner pled no-contest to assault with intent to commit criminal sexual conduct, with the victim being his daughter. Respondent filed an answer to the habeas petition, however, no responses have been filed with respect to the above referenced motions. For the reasons stated below, the Court will grant Petitioner's request to expand the record, but will deny Petitioner's motion to amend his habeas petition and his motion to obtain depositions.

**II. Discussion**

   **A. Expanding the Record**

   An appropriate response from a respondent to a request for responsive pleadings and for Rule 5 Materials is an answer which responds to each allegation contained in the petition

and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts and any post-conviction pleadings and decision. *Chavez v. Morgan,* 932 F.Supp. 1152, 1153 (E.D. Wis. 1996). Rule 5 provides that the answer:

> must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retro-activity, or a statute of limitations . . . [and] indicate that transcripts (of pre-trial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed.

Habeas Rule 5(b).

Rule 7(a) of the rules governing §2254 cases, 28 U.S.C. §2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional material relevant to the determination of the merits of the petition." "The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge." Habeas Rule 7(b). The purpose of Rule 7 "is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings without the time and expense required for an evidentiary hearing." 28 U.S.C. §2254 (Rule 7, advisory committee notes); *see also Jamison v. Collins,* 291 F.3d 380, 387 (6th Cir. 2002). A federal district judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing *Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977). The decision of whether to order an expansion of the record under Rule 7 is within the sound discretion of the district court. *See Ford v. Seabold,* 841 F.2d 677, 691 (6th Cir. 1988).

Petitioner seeks to expand the record to include all of his medical, psychological psychiatric,

therapeutic, and prescription records from the Forensic Center from March 24, 2004 until November 2004. It is his position that the prescribed medication and medical treatment left him incapable of entering into a knowing and voluntary no-contest plea agreement. A no-contest plea constitutes a waiver of several constitutional rights. *Boykin v. Alabama,* 395 U.S. 238, 243 (1969). A defendant who waives his constitutional rights must do so "competently and intelligently." *Johnson v. Zerbst,* 304 U.S. 458, 468 (1938). A plea is competently made if the defendant "has the capacity to understand the proceedings and to assist counsel." *Godinez v. Moran,* 509 U.S. 389, 402 (1993). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *See Brady v. United States,* 397 U.S. 742, 749 (1970).

The record clearly reflects that Petitioner had mental challenges that were of concern to his attorney and to the trial court. Petitioner attempted suicide on at least two occasions, experienced hallucinations and mental black outs, was referred to the Forensic Center for evaluation, was referred to the Forensic Lab in order to be evaluated for criminal responsibility, and the trial court held a competency hearing, where Petitioner was found competent to stand trial. Tr. Hear. 8/23/04, pg. 13, 22-23. Petitioner's attorney stated at a hearing preceding Petitioner's competency proceeding:

> Something is wrong. And, I mean, Mr. Hubbard's letters that he's sending to me are disturbing, to say the least. And the Court is fully aware with the amount of time that I spend in the criminal field that it takes a little bit before I become disturbed.
> I was going to speak with Miss Menear about who we think we should send him to. I don't know if we want to use Doctor Sommerschield or if we want to go another direction. But I do think that an independent should take a look at him.

Tr. Hear. 11/17/03, pg. 3-4. Petitioner was found competent to stand trial; and a review of Petitioner's plea transcript does not appear to indicate that he did not knowingly and voluntarily enter into the no-contest plea agreement. However, the fact that Petitioner had documented mental

health challenges during the litigation of this matter, was on a variety of medications (Tr. Hear. 8/23/04, pg. 16-17) and that his habeas petition is based in large part upon challenging the knowing and voluntary nature of his no-contest plea, the Court finds that the additional material (i.e., medical documentation) is relevant to the determination of the merits of Petitioner's application for habeas relief. Therefore, Petitioner's motion to expand the record is granted.[1]

### B. Amending the Habeas Petition

The mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially raised in a timely motion. *See Anderson v. United States,* No. 01-2476, 2002 WL 857742 at *3 (6th Cir. May 3, 2002); *Oleson v. United States,* No. 00-1938, 2001 WL 1631828 (6th Cir. Dec. 14, 2001).

Petitioner claims that his civil rights have been violated as a result of being "chemically raped" by Respondent's over-medication and improper medical treatment with respect to his mental condition. As a result, Petitioner requests that these civil rights issues be added to his habeas petition as viable claims of liability.

Case law provides that a state prisoner cannot put forward a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or writ of habeas corpus under 28 U.S.C. §2254.

---

[1] The Court's order will expand the scope of Petitioner's request to include the above stated records from G. Robert Cotton Correctional Facility (where Petitioner was incarcerated when he filed his habeas petition) and Chippewa Correctional Facility (where he is presently incarcerated) from March 24, 2004 until January 24, 2005 (the date Petitioner entered into the no-contest plea agreement).

*Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Therefore, a civil rights cause of action brought in connection with an allegedly unlawful conviction will not lie unless the underlying conviction or sentence has been invalidated. *See Powers v. Hamilton Cty. Pub. Def. Comm'n,* 501 F.3d 592, 600 (6th Cir. 2007). Accordingly, Petitioner's request to amend his habeas petition by adding civil rights claims is not permissible under *Heck* since Petitioner's underlying conviction remains pending and has not been terminated in his favor**.** Therefore, Petitioner's request to amend his habeas petition is denied. Should Petitioner wish to bring a civil rights claim against the individuals he asserts have "chemically raped" him during his incarceration, the proper procedure would be to file a 42 U.S.C. §1983 complaint against said individuals. The Court expresses no opinion as to the merits of such a case or whether Petitioner may be otherwise precluded form filing such an action.

   **C**. **Discovery Request**

   A district court has the discretion under Rule 6 of the Rules Governing §2254 Cases, 28 U.S.C. foll. §2254, to grant discovery to a petitioner in a habeas case upon a fact specific showing of good cause. *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001). If a petitioner can point to specific evidence that might be discovered that would support his constitutional claims, he is able to establish good cause to obtain discovery. *Burns v. Lafler,* 328 F.Supp.2d 711, 718 (E.D. Mich. 2004). However, without a showing of good cause and without a habeas petitioner citing to specific information of what he hopes to learn from the additional discovery, a federal court will not order discovery. *Id.* A habeas petitioner's vague and conclusory allegations are insufficient to obtain additional discovery. *Id.* at 718. Additionally, a district court does not abuse its discretion in denying a habeas petitioner's request for discovery, where the request falls more in the category of a "fishing expedition masquerading as discovery." *Stanford v. Parker,* 266 F.3d at 460.

Petitioner seeks to obtain deposition testimony from Jennifer Ringweiski (a pre-sentence representative); Lori Kool (a jail nurse); The Center for Forensic Psychiatry Monitoring Staff; and Dr. Harold Sommerschield (the court appointed Forensic Psychologist). However, Petitioner fails to point to any evidence, vague or specific, that these individuals might provide that would support his habeas claims. Aside from listing the above referenced names, Petitioner fails to set forth any information the Court would learn from the additional discovery. Petitioner has indicated in his motion to expand the record and to amend his habeas petition that the mental health treatment he received left him incapable of entering into a valid plea agreement. However, Petitioner fails to indicate specifically that the above named individuals were involved nor their individual roles in his treatment. Accordingly, Petitioner's request to obtain depositions is denied without prejudice. Should the Court find that deposition testimony is necessary in the future in order to assist in the disposition of this matter, such depositions will be ordered.

**III. Conclusion**

Accordingly,

IT IS ORDERED that Petitioner's "Motion to Am[]end, Expand Case [#07-12635]" [Doc. 6-1, filed August 1, 2007] is **GRANTED IN PART AND DENIED IN PART.** The portion of Petitioner's motion which moves to amend his habeas petition is DENIED. Petitioner's request to expand the record is GRANTED. Respondent shall produce all medical, psychological psychiatric, therapeutic, and prescription records from the Forensic Center, G. Robert Cotton Correctional Facility and Chippewa Correctional Facility from March 24, 2004 until January 24, 2005 within forty-five (45) days.

IT IS FURTHER ORDERED that Petitioner's "Motion to Obtain Depositions" [Doc. 7-1, filed August 7, 2007] is **DENIED WITHOUT PREJUDICE**.

Dated:  March 10, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 10, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk