UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENNY HUBBARD,

    Petitioner,

v.

CIVIL NO. 2:07-CV-12635
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT COURT

PATRICIA CARUSO,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Benny Hubbard, ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for assault with intent to commit sexual penetration, M.C.L.A. 750.520g. Respondent has filed an answer to the petition, arguing that the petition should be denied on the merits. For the reasons stated below, in *lieu* of denying the petition on the merits, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

## I. Background

Petitioner pleaded no-contest to the above charge in the Genesee County Circuit Court, in exchange for which the prosecutor dismissed one count of first-

1

degree criminal sexual conduct and a second case charging petitioner with third-degree criminal sexual conduct.  Petitioner was sentenced to seventy six to one hundred and twenty months in prison.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, in which he raised the following issues:

> I. Mr. Hubbard's rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution were violated where his sentence was increased beyond the statutory maximum based on facts found by a judge rather than a jury based on less than proof beyond a reasonable doubt.
>
> II. Remand is required to correct and strike inaccurate information from the presentence report.
>
> III. The trial court erred in scoring ten points for PRV 2 and PRV 4 and 15 points for PRV 5.
>
> IV. Defense counsel was ineffective for failing to object to the scoring of PRV's.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v Hubbard*, No. 269749 (Mich.Ct.App. May 25, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court.  In addition to presenting the four issues that he raised in the Michigan Court of Appeals, petitioner presented the following new issues in his application for leave to appeal to the Michigan Supreme Court:

> I. I request that the appellate defender file for withdrawal of the no contest plea based on the fact that I was under the influence of the same psychotropic drugs that rendered me incompetent to begin with when the plea was made.

II. Failure of defense attorney to ascertain effects of psychotropic drugs on my ability to make knowledgeable plea.

III. Failure of sentencing judge to thoroughly read preliminary exam. Transcripts of complainants testimonies in district court and failure to compare said to statements by complainants in police reports and to statements made to protective services and to the consortium for child neglect/abuse in his decision to accept no contest plea.

IV. Ineffective defense counsel. Mr. Clark deprived me of my right to be vigorously defended at district court preliminary exam, and by not insisting, or even suggesting, that I go to trial despite the fact he knew the complainants had told numerous versions of their stories which put their credibility in question.

V. Ineffective appellate counsel. Appellate counsel refused to honor my request that he request vacating the plea agreement based on herein issues.

VI. Failure of defense counsel to request updated competency evaluation despite glaring indications that I had deteriorated mentally since last being evaluated.

VII. Sentencing judge erred in allowing me to plead no contest to a crime the elements of which did not exist.

VIII. Documentation of drug induced incompetence.

The Michigan Supreme Court denied petitioner leave to appeal. *People v. Hubbard,* 477 Mich. 915; 722 N.W. 2d 873 (2006).

Petitioner later filed a complaint for superintending control in the trial court, which was denied on March 1, 2007. On May 14, 2007, the Michigan Court of Appeals returned Petitioner's pleadings as defective. *People v Hubbard*, No. 276621 (Mich.Ct.App. May 14, 2007). Petitioner did not appeal this decision to the Michigan Supreme Court.

On May 23, 2007, petitioner filed his habeas petition, in which he sought relief on the following grounds: [1]

> I. I was medicated via multitudinous psychotropic drugs beyond my ability to comprehend.
>
> II. Ineffective assistance of counsel for failure to: call or consult with a doctor about the drugs petitioner was taking, to get an updated competency exam, and to object to qualification of a clinical social worker as an expert.
>
> III. Trial court failed to ascertain issue of competency for itself.
>
> IV. Neither court nor counsel requested updated competency exam.
>
> V. Defense counsel was ineffective by not filing a written motion to dismiss containing reasons for objecting to bindover to circuit court.
>
> VI. Defense counsel was ineffective by not calling defendant's requested witnesses.
>
> VII. Defense counsel was ineffective by not properly consulting with defendant.
>
> VIII. Counsel's failure to bring facts and information to fact finder's awareness was ineffective assistance of counsel.
>
> IX. Defense counsel was ineffective by not interviewing defendant's witnesses.
>
> X. Defense counsel was ineffective by not doing an independent investigation of the facts and circumstances of the case.
>
> XI. Did counsel's ineffectiveness violated defendant's right to effective assistance of counsel?

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on May 23, 2007, the date that it was signed and dated. *See Fugate v. Booker,* 321 F. Supp. 2d 857, 859, n. 2 (E.D. Mich. 2004).

4

XII. Counsel's failures deprived defendant of due process.

XIII. Did counsel's representation fell below an objective standard of reasonableness?

XIV. Did counsel's ineffectiveness prejudice defendant?

XV. Did counsel's ineffectiveness deny the fact finder the knowledge of facts which the fact finder was entitled to consider?

XVI. There is a reasonable probability that, absent appellate counsel's errors, the fact finder would have had a reasonable doubt respecting guilt.

XVII. It was ineffective assistance of counsel when counsel, after having said "none of us went to pharmacy school", having noted on the record defendant, at and during the competency hearing, was "rocking" and "we hear his ankle chains rattling from nervous movements", "his memory is shot", and where it was noted defendant was having visual and audio hallucinations, other personalities, had to be on one to one observation 24/7 at the Center for Forensic Psychiatry and in solitary confinement at jail, in suicide garb 24/7, and when the doctor who had formerly told counsel defendant was "so overmedicated I'm wasting my time with this man. He doesn't even know I'm here", declared defendant incompetent, and defendant is on record making incongruous replies at both the plea and sentencing, and 7 months, 20 days had passed between the forensic examiner determining defendant competent and the plea, with two very powerful drugs having been added one of which had been discontinued nine months prior to it's renewal due to toxic psychosis, and said drug was one of those defendant was on when "so over medicated" did not request an expert in the area of psychotropic drugs and their adverse side effects to opine on defendant's fitness or lack thereof in light of the fact that the clinical social worker whom the court accepted as an "expert" stated on record that the drugs defendant was on were not her "area of expertise".

XVIII. With most of the above known by the trial court, plus the fact that in the P.S.I. report defendant could not recall the names of his own children, could not recall the names of several psychotropics he

5

was on, and whose behavior and apathy during the P.S.I report interview was an apotheosis of incongruity, trial court should have sua sponte ordered an updated fitness exam.

XIX. District court, by allowing prosecutor to amend the offense date to cover a 4 month period from 12/02 through thru 3/04, deprived defendant of any possible alibi defense and severely inhibited defendant's right and ability to confront.

XX. Defense counsel was ineffective by failing to confront testimony of complainants, their contradictions therein, and the contradictions as opposed to complainants statements in the police report when counsel knew of them.

XXI. A motion filed under MCR 6.502 can contain proof of insufficient factual basis for the acceptance of a plea.

XXII. The trial court's failure to sua sponte order a renewed competency exam despite on record significant evidence of possible incompetence violated defendant's right to due process.

XXIII. The Court's failing to even address defendant personally at competency hearing, despite Court's knowledge defendant was under the mind altering drugs to ascertain the issue of competence, violates defendant's 14th Amendment rights to due process.

XXIV. All of the questions presented cause defendant's case to be prejudiced.

XXV. There is no relief for defendant at the state level.

XXVI. Defendant's plea was not voluntary, knowing and willingly made.

XXVII. Defendant exercised diligence to the best of his knowledge, information and belief in attempting to preserve issued for judicial review and to comply with time limits of post conviction proceedings.

XXVIII. The appellate defender should have presented petitioner's issues to the Michigan Court of Appeals as petitioner directed him to, or at least filed an *Anders* brief requesting withdrawal from filing his

issues, including therein anything which may support such issues.

XXIX. This case/conviction should be reversed and remanded for trial.

On January 18, 2008, the respondent filed an answer, in which she argued that petitioner's either lacked merit or had been waived as the result of his no-contest plea. Petitioner has filed a reply to the petition.

## II. DISCUSSION

The instant petition is subject to dismissal because none of petitioner's claims have been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.*

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990). As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001)(internal citations omitted). Although respondent failed to raise the exhaustion issue in her answer, this defense is not waived unless the State, through counsel, expressly waives the exhaustion requirement. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Id.*

In the present case, none of the twenty nine claims that petitioner raises in his petition for writ of habeas corpus were raised on his direct appeal with the Michigan Court of Appeals. Although petitioner raised some of these claims in his subsequent application for leave to appeal to the Michigan Supreme Court, this would be insufficient for purposes of exhausting these claims for habeas review. When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *Lawrence v. Will Darrah & Associates, Inc.,* 445 Mich. 1, 4, fn. 2; 516 N.W. 2d 43 (1994); *Butcher v. Treasury Dep't.*, 425 Mich. 262, 276; 389 N.W. 2d 412 (1986). Therefore, petitioner's failure to raise these claims in his appeals to the Michigan

Court of Appeals precluded the Michigan Supreme Court from considering the new issues that petitioner raised in his application for leave to appeal to that court.

More importantly, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present any of the claims that he raises in his petition in his appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Farley v. Lafler,* 193 Fed.Appx. 543, 549 (6th Cir. 2006)*; Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977).

Additionally, although many of petitioner's claims overlap, it appears that petitioner never presented the substance of his fifth, sixth, seventh, eighth, ninth, tenth, nineteenth, twentieth, twenty second, or twenty third claims to either the Michigan Court of Appeals or the Michigan Supreme Court. Because petitioner has not presented these claims to the Michigan Court of Appeals or to the Michigan Supreme Court, these claims are unexhausted. *See Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Although petitioner did raise an ineffective assistance of trial counsel claim

9

in the Michigan Court of Appeals, his claim involved an allegation that counsel was ineffective for failing to object to the scoring of the prior record variables of the Michigan Sentencing Guidelines. Petitioner did not present to the Michigan Court of Appeals any of the numerous ineffective assistance of counsel claims that he raises in his habeas petition. A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990)). Because the ineffective of trial counsel claims that petitioner is raising in his petition are different than the ineffective assistance of trial counsel claim that was presented before the Michigan Court of Appeals, these additional ineffective assistance of trial claims have not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)); *See also Brandon v. Stone,* 226 Fed.Appx. 458, 459 (6th Cir. 2007). Petitioner's claims are unexhausted.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional

circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel failed to raise petitioner's unexhausted claims on petitioner's direct appeal to the Michigan Court of Appeals would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust these claims. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures).

Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Wagner,* 581 F. 3d at 419*; See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a motion for relief from judgment with the Genesee County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and(C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509;

M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The Court is aware that a habeas petitioner's failure to exhaust his or her state court remedies is not a bar to federal habeas review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002); 28 U.S.C. § 2254(b)(1)(A)(c). The Court declines to adjudicate petitioner's claims on the merit, because his claims involving his competency to plead no-contest or to assist with his defense may have merit.

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims regarding his underlying conviction are unexhausted and thus, the Court lacks jurisdiction over the petition

while the petitioner pursues his claims in state court. *See Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also Meyer v. Warren,* 2006 WL 2644991, * 3 (E.D. Mich. September 14, 2006).

There is however, an equitable remedy available to petitioner. In *Hargrove v. Brigano*, 300 F. 3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id.* The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

In this case, petitioner promptly filed his petition for writ of habeas corpus with this Court. Nor can this Court conclude that petitioner's claims are plainly meritless. For these reasons, this Court shall adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove.* The Court shall dismiss the petition without prejudice and the one-year limitations

period shall be tolled from May 23, 2007, the date petitioner filed his petition, until petitioner returns to federal court. This tolling of the limitations period is contingent upon petitioner complying with the conditions indicated below.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a

14

final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to these claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). Because a plain procedural bar is present, no further appeal would be warranted. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### III. ORDER

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from May 23, 2007 until the time petitioner returns to federal court to pursue habeas corpus relief, provided that petitioner files a Motion for Relief from Judgment in the Genesee County Circuit Court within sixty days of this Court's order and that he returns to this Court to pursue habeas corpus relief within thirty days of the completion of his state post-conviction proceedings.

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

Dated: June 2, 2010

                                          S/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 2, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---