**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BENNY HUBBARD,

        Petitioner,

v.

        CIVIL NO. 2:07-CV-12635
        HONORABLE GEORGE CARAM STEEH
        UNITED STATES DISTRICT COURT

PATRICIA CARUSO,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTIONS FOR RECONSIDERATION

On June 2, 2010, this Court summarily dismissed without prejudice petitioner's habeas corpus application on the grounds that he had failed to exhaust his claims with the state courts prior to filing his petition. *Hubbard v. Caruso,* No. 2010 WL 2232341 (E.D.Mich., June 2, 2010). The Court also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis*. *Id.* Petitioner has now filed two motions for reconsideration. For the reasons that follow, the motions for reconsideration are DENIED.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be

1

granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky,* 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

In his first motion for reconsideration, petitioner argues that exhaustion should be excused because he had attempted to exhaust these issues by filing a post-conviction motion for relief from judgment in the Genesee County Circuit Court on December 11, 2006, but that the motion had been languishing in that court for over three years. In his second motion, petitioner indicates that Judge Archie Hayman of the Genesee County Circuit Court ruled on his motion on December 1, 2010 and denied petitioner relief.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unneccesary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The Court is aware that an inordinate delay in adjudicating state court claims may be a circumstance which would excuse the exhaustion of state court

remedies, especially when the state is responsible for the delay. *See Workman v. Tate*, 957 F. 2d 1339, 1344 (6th Cir. 1992).  Moreover, a habeas petitioner who makes "frequent but unavailing requests to have his appeal processed" in the state courts should not be "not required to take further futile steps in state court in order to be heard in federal court," even if the state court subsequently decides his appeal. *See Turner v. Bagley,* 401 F. 3d 718, 726 (6th Cir. 2005).  Petitioner, however, has failed to show that there has been an inordinate delay in the processing of his state court post-conviction motion.

In *Workman, supra,* the Sixth Circuit held that a habeas petitioner's failure to exhaust his state postconviction remedies would be excused where the petitioner's motion for post-conviction relief "languished" in the state courts for more than three years without the state court making a decision. *Id.,* 957 F. 2d at 1344.  Likewise, in *Turner, supra,* the Sixth Circuit concluded that a habeas petitioner should have been excused from the exhaustion requirement no later than when petitioner's direct appeal was dismissed for failure to prosecute, given that such failure could only have been attributed to petitioner's appointed attorneys and state, where the state court of appeals failed to insure timely representation, continually postponed petitioner's appeal, allowed four different attorneys to withdraw from the case without filing briefs, and allowed petitioner's appeal to remain on docket for nearly eleven years without meaningful attention. *Turner,* 401 F. 3d at 725-26.

By contrast, petitioner has failed to show that his case has languished for several years without any meaningful attention in the state courts. Other than his conclusory allegations, there is no evidence that petitioner made "frequent, but unavailing requests" to have his post-conviction motion processed. Judge Hayman had denied petitioner's post conviction motion.

More importantly, petitioner has yet to appeal the denial of his motion to the Michigan appellate courts. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner would be required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, the petitioner has failed to exhaust his state court remedies. *See Cox v. Cardwell,* 464 F. 2d 639, 644-45 (6th Cir. 1972). Because petitioner has failed to show an inordinate delay in the adjudication of his post-conviction motion by the trial court and has yet to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and to the Michigan Supreme Court, he has failed to show that this Court should

4

reconsider its earlier opinion and order of summary dismissal.

## ORDER

Based upon the foregoing, IT IS ORDERED that the motions for reconsideration [Dkt. ## 26, 28] are **DENIED.**

Dated: December 16, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 16, 2010, by electronic and/or ordinary mail and also to Benny Hubbard at Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

S/Josephine Chaffee
Deputy Clerk